UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEHUDA Y. ENGEL,<br><br>Appellant,<br><br>-against-<br><br>THOMAS C. FROST,<br><br>Appellee. | **ORDER**<br><br>26-CV-03968 (PMH) |

PHILIP M. HALPERN, United States District Judge:

Appellant filed a Notice of Appeal on May 13, 2026 (Doc. 1) and the Designation of Bankruptcy Record on Appeal on June 4, 2026. (Doc. 3). On June 18, 2026, the Court received, via ECF, notice that the record of appeal was complete and available electronically. (Doc. 4). Accordingly, pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(1), Appellant's brief was due July 20, 2026. Appellant did not file a brief by July 20, 2026, or otherwise communicate with the Court in any way. The Court, by Order dated August 4, 2026, *sua sponte* extended the time for Appellant to comply with Rule 8018(a)(1) to August 21, 2026, and directed Appellant to provide to the Court in writing his current address by the same date. (Doc. 5). The Order warned Appellant that "failure to comply . . . may result in dismissal of this action pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4) and/or Federal Rule of Civil Procedure 41(b) for failure to prosecute." (*Id.*). On August 6, 2026, the Clerk of Court filed notice that Doc. 5 had been mailed to Appellant's address. (*See* 8/6/2026 ECF Entry). Appellant failed to comply with the Court's August 4, 2026 Order.

Thus, on September 4, 2026, the Court directed Appellant to show cause why this action should not be dismissed pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(4) for failure to comply with Federal Rule of Bankruptcy Procedure 8018(a)(1), and/or for want of prosecution under Federal Rule of Civil Procedure 41(b). (*See* Doc. 6). The Court warned that the action would

result in dismissal unless, by September 14, 2026, Appellant was able to show cause in writing for his failure to comply with Federal Rule of Bankruptcy Procedure 8018(a)(1) and the Court's August 4, 2026 Order (Doc. 5). (Doc. 6). On September 8, 2026, the Clerk of Court filed notice that Doc. 6 had been mailed to Appellant's address. (*See* 9/8/2026 ECF Entry). Appellant did not respond to the Order to Show Cause, there has been no activity on the docket since then, and Appellant has not otherwise communicated with the Court in any way.

Considering Appellant's failure to file an appellate brief, and as the Court has sufficiently provided Appellant "notice," the Court thus "may dismiss the appeal on its own motion," after determining whether a "lesser sanction would be appropriate." *See* Fed. R. Bankr. P. 8018(a)(4) ("[I]f an appellant fails to file a brief on time . . . the district court . . . after notice, may dismiss the appeal on its own motion."); *see also In re Harris*, 464 F.3d 263, 272 (2d Cir. 2006). Appellant, despite being given adequate notice by the Court and "an opportunity . . . to explain [his] conduct," *see Harris*, 464 F.3d at 268, has failed to comply with procedural requirements, filing deadlines, and this Court's August 4, 2026 Order, and has failed to communicate with the Court in any manner since June of 2026. Under these circumstances and on the authority of *In re Lynch*, No. 19-2965, 2022 WL 16467, at *1-2 (2d Cir. Jan. 3, 2022), the Court, in the exercise of its discretion, finds that it is "unclear that a 'lesser sanction' would prove effective in this case," as Appellant's conduct is at the very least, "indifferent," and as Appellant has failed to prosecute this action in any way for over four months. *See In re Regan*, No. 23-CV-01367, 2024 WL 2132569, at *1-2 (N.D.N.Y. May 13, 2024) (dismissing appellant's bankruptcy appeal upon a finding that Appellant was "at least, indifferent," in failing to file his brief as he ignored "specific orders from the Court and an extension of time to do so"); *see also Lynch*, 2022 WL 16467, at *1 (affirming the district

court's use of discretion to determine that appellant's multiple "failures to comply with court orders" was "willful" and affirming the ultimate dismissal of the appeal).

Considering all of the above, including the finding that "lesser sanctions would be ineffective," the Court determines that dismissal is an appropriate sanction for Appellant's actions. Accordingly, this appeal is **DISMISSED**.

The Clerk of Court is respectfully requested to close this case and mail a copy of this Order to Appellant at 4 Altman Ct., Spring Valley, NY 10977-2047.

**SO ORDERED.**

Dated: White Plains, New York
October 2, 2026

PHILIP M. HALPERN
United States District Judge